In the United States District Court for the Southern District of Illinois

William Mabie
PLAINTIFF

V.                                                    T.B.A.

United States Attorneys Office (E.D. MO)              18-CV-1939-SMY-DGW
Federal Bureau of Investigation
United States Bureau of Prisons
        DEFENDANTS

FREEDOM OF INFORMATION ACT ENFORCEMENT SUIT

Comes now plaintiff acting PRO SE requesting Court order prompt compliance with Freedom of Information Act, as in public interest for justice.

I   United States Attorneys Office, Eastern District of Missouri, now represented by Executive Counsel, for United States Attorney at suite 7300 Bicentennial BLDG  600 E. STREET NW 20530 Washington D.C. FOIA # 2018-02400

In February of 2018 USAO received a F.O.IA. request from plaintiff regarding plaintiff own complaint made to U.S.A.O. - E.D. MO., via the USAO website.

To date USAO E.C. has offered no reasonable excuse for delay. (Gov't seized & destroyed Plaintiff computer, stopping that avenue)

As these are purely Electronic response requests, these can literally be pulled up, and printed out in minutes if not seconds.

Plaintiff staunchly believes delay is malicious. This information was suppressed TWICE by USAO in criminal prosecutions. This evidence would defeat USAO story in those prosecutions of "never made a complaint" which would be a significant change - putting this into a 1ST amendment issue, these E-MAILS are exculpatory

* 4:09cr0035 ERW & 14cr30076 MJR each for 18 usc 876 (c)^FN1

Imre: US v ELONIS both are under appeal, so a timely production will affect criminal proceeding.

FN1 18 usc 876(c) is Mailing Threatening Communication, combined, Plaintiff was sentenced to 268 months imprisonment

II  Federal Bureau of Investigation - FOIA LIAISON
    170 Marcel, Winchester VA  22602-4843  # 1396208-000
        F.B.I. Liaison was contacted in January of 2018, also
seeking plaintiffs own complaints and statements to F.B.I.
ST. LOUIS MO 2222 MARKET ST, Electronically from
10/27/07, to 8/4/08, and a written complaint in re:
AUSA John James Ware made in March of 2013.
        Likewise these complaints alter the background that
government put forth in cases 4:09 CR 00351 ERW and
14 CR 30076 MJR.
        These cases netted  268 months of incarceration.
Government should have turned such documents of plaintiffs
over in discovery, but was allowed to slip by as "unduly
arduous" recovery - Without showing any recovery
effort at all.
        There is no sane justification to take in excess
of six months, for a  5 minute recovery. Again
plaintiff firmly believes suppression is an illegal act
which enabled a false portrayal in a criminal case


III  Federal Bureau of Prisons, Regional Counsel
     400 State Avenue, Tower II suite 800 Kansas City Kansas 66101
        This FOIA #-2018-04523  refused, borders
on the insane side, no logic on B.O.P. story.
        Requested was a complaint, made by Captain Michael
Deeba of St Louis Metropolitan Police Department - ST LOUIS MO,
against plaintiff, specifically WHICH OFFICE DID DEEBA
COMPLAINT originate from? (Most likely 3157 Sublette ave.)
        B.O.P. refused under 5 usc 552 (6)(7)(C) privacy &
5 usc 552 (6)(7)(E) procedure for law enforcement, 5 usc 552 (6)(7)(F)
endanger life. DOWN RIGHT WACKY!
        1. The case has already been prosecuted
        2. It is my privacy
        3. What possible "procedure" could be involved?
        4. How would it "endanger" a life to know WHICH POLICE
BUILDING it came from??

        Need, on the other hand, is tangible.

III - in prosecution of 14cx30076 MJR, USAO withheld this, and defense not allowed to question, however with USSC decision in US v. ELONIS (an 18 usc 875(c) case) changes what is relevant. Here, that the complainant ——— - Captain Deeba SLMPD, would have been SUPERVISOR, at 3157 Sublette, this brings case - properly - to a 1st amendment area.

In any viewpoint - the address of a government building, from which complaint originated is scarcely "confidential".

In each instance public interest is squarely on side of disclosure, and in timely manner.

Prompt resolution would have issue ready to present, if need be to USCA 7th, which would be before end of year, in appeals 1396 RHM, 1387 MJR both at 2255 right now. Each entity has taken time many times over what statute requires, 21 days, or 60 days, now exceeds 200 days and can not be said that any entity is dealing in good faith.

Special note: I had previously filed an F.O.I.A. suit against USMS - see 01276 JPG in this court. The USMS partial response raised a new possibility - and I moved to add production of a video to that suit. Should Court decide to decline that motion, I wish to preserve right to add USMS as litigant to this suit.

William Mabie

Certificate of Service, jurisdiction statement, sworn affidavit against perjury attached, as well as Motion to proceed in FORMA PAUPERIS

Jurisdiction

Action is requested under 5 usc 552, a U.S. statute.
Plaintiff resides in Southern District of Illinois. (MARION U.S.P.)
All Defendant parties are Federal agencies.
All requests to parties were made six months ago, or more,
the time to respond limits of 5usc552 have been exceeded.
Action originated in E.D. MO.

—  Motion to Proceed in Forma Pauperis
Plaintiff is without funds, and has been for more than six
months, requests Court grant In Forma Pauperis, proceed
with case without pre-payment of fees, as plaintiff is
indigent - form attached.   William Mabie

Parties
PLAINTIFF ~~Plaintiff~~- William Mabie U.S. Penitentiary P.O. BOX 1000 Marion IL 62959

DEFENDANTS
   1.   United States Attorneys Office, Executive Counsel suite 7300
Bicentennial building  600 E Street  Washington DC  20530
      FOIA NO#  2018-02400
   2. Federal Bureau of Investigation, 170 Marcel drive Winchester VA
      22602-4843    FOIA# 1396208-000
   3. Federal Bureau of Prisons  400 State Avenue Tower II suite 800
      Kansas City KS 66101    FOIA# 2018-04523

      —  —  Certificate of Service
Copies placed in mail this date 10/2/18  to all parties
                                    William Mabie


—  All statements herein are true under penalty of
perjury                           William Mabie