IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM MABIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-1939-MAB |
| | ) |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, FEDERAL BUREAU OF INVESTIGATION, and FEDERAL BUREAU OF PRISONS | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This case is currently before the Court on Defendants' motions for summary judgment (Docs. 25, 29) and Defendants' motion to dismiss this case as a sanction for Plaintiff's bad faith and threatening conduct (Doc. 28). For the reasons stated below, the motion to dismiss is granted, making the motions for summary judgment moot.

## BACKGROUND

Plaintiff filed the complaint in this matter in October 2018 alleging that he submitted requests under the Freedom of Information Act to the United States Attorney's Office for the Eastern District of Missouri ("USAO-EDMO") (#2018-02400),[1] the Federal

---

[1] The Executive Office for United States Attorneys ("EOUSA") was later substituted as a Defendant in place of the U.S. Attorney's Office for the Eastern District of Missouri (Docs. 22, 31).

Bureau of Investigation ("FBI") (# 1396208-000), and the Federal Bureau of Prisons ("BOP") (# 2018-04523) in early 2018 but received no response or an insufficient response to his requests (Doc. 1).

On March 15, 2019, the Seventh Circuit imposed a filing ban against Plaintiff as a sanction for filing frivolous cases. *In re: William J. Mabie*, No. 19-1371 (7th Cir., March 15, 2019). Courts were directed to "return unfiled any papers submitted either directly or indirectly by him or on his behalf" (except in a few limited circumstances not relevant here) until Plaintiff pays all of the outstanding court fees that he owes. The Order means that Plaintiff cannot file any pleadings or papers in this case until he has satisfied the unpaid fees and sanctions.

On June 14, 2019, the EOUSA and the BOP moved for summary judgment on the FOIA claims against them (Doc. 25). On September 17, 2019, all Defendants filed a motion asking the Court to dismiss this case as a sanction for Plaintiff's bad faith and threatening conduct during the course of litigating this matter (Doc. 28). The FBI then moved for summary judgment on the FOIA claim against it (Doc. 29). Because Plaintiff has not yet paid all of his outstanding court fees, he was not able to file a response to any of Defendants' motions due to the aforementioned filing ban.

## DISCUSSION

The Court opts to first address the motion to dismiss (Doc. 28). In the motion, Defendants indicate that Plaintiff has mailed several documents to defense counsel and the Court that contain threats and/or disparage members of the judiciary, Court staff, and defense counsel (Doc. 28). In particular, in a notice filed with the Court before the

filing ban was imposed, Plaintiff insulted Judge Richard Mills, writing "I question whether Mills is lucid enough to find the Courthouse" (Doc. 9, p. 1).[2] In a mailing sent to defense counsel, Plaintiff's salutation was "Hey Jackasses," and he also stated in that same mailing that the BOP was "fucking off my medical again – CALL AUSP TOM and tell them QUIT" (Doc. 28-2). In case filings that were sent to defense counsel,[3] Plaintiff repeatedly characterized defense counsel as a liar and accused him of committing fraud on the Court (Doc. 28-1, p. 2; Doc. 28-3, pp. 1, 2, 4). Plaintiff also characterized employees of the Court as criminals, implied that they were incompetent, and stated they were his "mortal enemies" (Doc. 28-1, pp. 2–3). He referred to the FBI as "scumbags" (Doc. 28-3, p. 3). And he suggested defense counsel should be murdered (Doc. 28-3). He wrote:

*Q: How do you keep an AUSA from lying?*

*A: Murder them, it is the only sure way.*

(Doc. 28-3, p. 1). He stated this was the "advice" given to him by an FBI agent (*Id.* at pp. 1, 3). He then mentioned murder again, stating "[s]hould Court allow USAO to continue fraud . . . then who would be in the least surprised by the Murder of those that even the Court is aware have committed perjury?" (*Id.* at p. 4). He concluded the document with the ominous statement, "*Now all we need is a rifle" (*Id.*).

---

[2] Judge Mills presided over a previous criminal case against Plaintiff, in which he was convicted of forcibly assaulting a federal officer. SDIL Case No. 15-CR-30158-RHM, Docs. 86, 87. Plaintiff was sentenced to 72 months imprisonment, to run consecutive to the sentences imposed in two other criminal cases: 4:09-CR-00351-ERW in the Eastern District of Missouri and 3:14-CR-30076-MJR in the Southern District of Illinois. *Id.* at Docs. 113, 116.

[3] These documents were formatted with a case caption and titled "Motion to Transfer," "Reply to Motion to Dismiss," and "Plaintiff's Reply" (Docs. 28-1, 28-3). The Court therefore presumes these documents would have been filed on the docket in this matter if Plaintiff was not subject to a filing ban.

"[A] court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46–50 (1991)). *Accord Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008) ("A district court has inherent authority to sanction conduct that abuses the judicial process.") (citations omitted). "The sanction imposed should be proportionate to the gravity of the offense." *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008) (citing *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003)). *See also Fuery v. City of Chicago*, 900 F.3d 450, 464 (7th Cir. 2018) (advising courts to consider whether less drastic sanctions are available before dismissing a case). Outright dismissal of a case is a "particularly severe sanction" but nevertheless within the Court's discretion. *Chambers*, 501 U.S. at 45. "Dismissal may be appropriate when a party has shown a lack of respect for the court or proceedings." *White v. Williams*, 423 Fed. Appx. 645, 647 (7th Cir. 2011); *Petito v. Brewster,* 562 F.3d 761, 762–63 (5th Cir. 2009); *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 841 (10th Cir. 2005).

Here, Plaintiff used profane, belligerent, and abusive language when speaking to opposing counsel. He leveled unfounded accusations at opposing counsel. He insulted a judge and Court employees and impugned the integrity of judicial proceedings in the federal courts. And then Plaintiff irretrievably crossed any and all bounds of acceptable behavior when he threatened opposing counsel. Such conduct is beyond the pale. It cannot be tolerated and it undoubtedly warrants sanctions. While Plaintiff has not filed

a response to Defendants' motion, the Court is quite confident there is nothing he could say that would excuse his statements or insulate him from sanctions.

Ultimately, the Court is convinced that dismissal is the appropriate sanction. Plaintiff's comments in this lawsuit are simply the latest salvo in a long-running history of haranguing, demeaning, and threatening others, including federal judges, federal prosecutors, federal agents, law enforcement officers, and their families. *See United States v. Mabie*, 862 F.3d 624 (7th Cir. 2017). Indeed, he's been criminally prosecuted in federal court on two separate occasions for mailing threatening communications and is currently serving a combined total of 340 months in prison. *See id.* He has also been issued at least 20 disciplinary tickets for threatening bodily harm over the past eight years that he has been in BOP custody (Doc. 25-1, p. 5 n.2). And, as previously mentioned, he has been banned from filing anything in a pending civil case and from filing any new civil cases. Despite the punishment he has already faced, Plaintiff obviously has not learned his lesson because he has continued his outrageous and reprehensible conduct. This demonstrates to the Court that Plaintiff has no remorse for his misconduct and no regard for the respect and decorum litigants are expected to exhibit in a court of law. As other judges have commented, "there is clearly no limit to what [Mabie] will say or who he will say it to" and "no degree of punishment is capable of deterring Mabie's reprehensible conduct." *Mabie*, 862 F.3d at 636, 637.

If 340 months in prison and a filing ban were not enough to stem Plaintiff's misconduct, the Court is absolutely convinced that a sanction less drastic than dismissal will have no effect whatsoever on Plaintiff. In all realty, its highly unlikely that even

dismissal here will do the trick. But dismissal is all the Court has and it is certainly warranted. Plaintiff "cannot expect the protection of the very courts he abuses" or expect to proceed after debasing the judicial proceedings with profane language, insults, accusations, and threats to opposing counsel's life. *Petito*, 562 F.3d at 763. Simply put, Plaintiff has forfeited his claims due to his misconduct.

In light of this conclusion, the Court need not reach Defendants' motions for summary judgment, and those motions are terminated as moot.

## CONCLUSION

Defendants' motion to dismiss (Doc. 28) is **GRANTED**. This matter is **DISMISSED with prejudice** as a sanction for Plaintiff's misconduct pursuant to the Court's inherent authority.

Defendants' motions for summary judgment (Docs. 25, 29) are terminated as **MOOT**.

IT IS SO ORDERED.

DATED: March 31, 2020

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
